T.C. Memo. 2007-16


UNITED STATES TAX COURT


E. WARREN GOSS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24227-05.               Filed January 25, 2007.


E. Warren Goss, for petitioner.

Virginia L. Hamilton, for respondent.


MEMORANDUM OPINION


LARO, Judge:  Respondent moves the Court to enter a decision consistent with a settlement agreement signed by the parties and attached to respondent's motion as an exhibit.  We shall grant respondent's motion.

Petitioner, a practicing attorney, petitioned the Court to redetermine a $69,986 deficiency in his 1997 Federal income tax

and a $17,496.50 addition thereto under section 6651(a)(1).[1]

This case was set for trial on the Court's regular session commencing in Denver, Colorado, on September 11, 2006. On September 7, 2006, the parties met and reached a basis of settlement. That settlement was later memorialized in a September 8, 2006, letter sent from respondent to petitioner and signed by petitioner and delivered back to respondent. The letter states that the parties have reached the following agreement regarding petitioner's 1997 Federal income tax:

    1.  Petitioner has $127,000 in Schedule C gross receipts;

    2.  Petitioner has $57,000 in Schedule C expenses;

    3.  Petitioner has $30,000 in rental income;

    4.  Petitioner's correct filing status is married filing separately;

    5.  Petitioner is entitled to the dependency exemption for one child;

    6.  Petitioner is liable for an addition to tax under section 6651(a)(1);

    7.  Respondent timely mailed the statutory notice of deficiency and is not barred by the statute of limitations from asserting the proposed deficiency.

On September 11, 2006, at the calendar of the referenced session, respondent's counsel informed the Court that the parties

---

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code. Petitioner resided in Boulder, Colorado, when his petition was filed with the Court.

had recently reached a basis of settlement and would like additional time to submit to the Court a stipulated decision document reflecting that settlement. Subsequently, after trying unsuccessfully to secure a stipulated decision document from petitioner, respondent filed the instant motion with the Court. The motion states that the computations flowing from the settlement agreement result in a $33,146 deficiency in petitioner's 1997 Federal income tax and a $8,286.50 addition thereto under section 6651(a)(1). In response to respondent's motion, petitioner argues that the settlement agreement is incorrect in that the $30,000 of rental income shown in the agreement is already reflected in the $127,000 of gross receipts also shown in the agreement. Respondent argues that the $30,000 of rental income is in addition to the $127,000 of gross receipts.

We have consistently held that settlement agreements are subject to the application of general principles of contract law. See Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436, supplemented by 53 T.C. 275 (1969). Absent a showing of lack of formal consent, fraud, mistake, or some other similar ground, a settlement agreement that has led to cancellation of the trial will be upheld. See Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320 (1997), affd. 208 F.3d 205 (3d Cir. 2000). Petitioner claims that the Court should disregard the

settlement agreement because he mistakenly signed the agreement not recognizing that the $30,000 of rental income was listed as a term thereof.  We disagree that we should disregard the signed agreement for the reason that petitioner states.  Even if petitioner had mistakenly signed the document as claimed, such a unilateral mistake is not a sufficient ground to set aside an otherwise enforceable settlement agreement.  See Stamm Intl. Corp. v. Commissioner, 90 T.C. 315 (1988) (holding that a unilateral mistake by respondent's counsel, absent misrepresentation by the other party, was insufficient to set aside a settlement agreement).  Such is especially so given that petitioner is a practicing attorney and that his signing of the settlement agreement was on the eve of his trial.  See id. at 321-322.

     To reflect the foregoing,

                         An appropriate order and decision

                         will be entered in accordance with

                         respondent's computations.